**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JANE DOE,

Plaintiff,

vs. Case No. 3:26-cv-2037-MMH-SJH

SCHOOL BOARD OF DUVAL COUNTY, FLORIDA, et al.,

Defendants.
_______________________________/

## ORDER

**THIS CAUSE** is before the Court sua sponte. On August 6, 2026, Plaintiff initiated this action by filing her Complaint and Demand for Jury Trial (Doc. 1; Complaint). Upon review, the Court finds that the Complaint is an impermissible "shotgun pleading." In Weiland v. Palm Beach County Sheriff's Office, 792 F.3d 1313 (11th Cir. 2015), the Eleventh Circuit identified four types of "shotgun" pleadings. See id. at 1321–23. Relevant here, one such type of improper pleading occurs where the drafter "commits the sin of not separating into a different count each cause of action or claim for relief." Id. at 1322–23 n.13 (collecting cases). Indeed, Rule 10(b), Federal Rules of Civil Procedure (Rule(s)) requires that: "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count

or defense." See Rule 10(b); see also Anderson v. Dist. Bd. of Trs. of Central Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996) (explaining that a properly drawn complaint "will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading" (footnote omitted)). In the Complaint, Plaintiff fails to plead each of her claims in a separate count. For example, in Count I, Plaintiff appears to bring Monell[1] claims based on multiple independent theories of liability. See, e.g., Complaint ¶ 91 (alleging that Plaintiff's claims are based on an official custom or practice; failure to train, supervise, and discipline personnel; final policy maker notice and inaction; as well as ratification of an unconstitutional practice). Each theory of liability under Monell requires proof of different elements. See Connick v. Thompson, 563 U.S. 51, 60–62 (2011) (explaining the difference between Monell claims based on direct action and those based on deliberate indifference). As such, each theory should be pled in a separate count. Similarly, in Count VI, Plaintiff appears to commingle several distinct causes of action, including claims for negligence, negligent training, and negligent supervision. See Complaint ¶¶ 132–37; see also Finch v. Carnival Corp., 701 F. Supp. 3d 1272, 1283–84 (S.D. Fla. 2023) (noting that negligent training and

[1] Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978).

negligent supervision are distinct claims that must be pled separately).[2] And, in Count VII, Plaintiff again asserts more than one cause of action: vicarious liability against Student Transportation of America, Inc. and negligence against James Roe. See Complaint ¶¶ 138–43. Ultimately, because Plaintiff does not separate each of her causes of action into different counts, the Complaint is an improper shotgun pleading. See Weiland, 792 F.3d at 1322–23 n.13.

In the Eleventh Circuit, shotgun pleadings of this sort are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph Cnty., 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases). Indeed, the Eleventh Circuit has engaged in a "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." See Weiland, 792 F.3d at 1321 & n.9 (collecting cases). As the Court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d

[2] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

at 1263. When faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative, and force the plaintiff to replead to the extent possible under Rule 11. See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also Weiland, 792 F.3d at 1321 n.10 ("[W]e have also advised that when a defendant fails to [move for a more definite statement], the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead.").

In light of the foregoing, the Court will give Plaintiff an opportunity to file a corrected complaint which corrects the shotgun nature of the Complaint. Accordingly, it is hereby

**ORDERED**:

1. Plaintiff's Complaint (Doc. 1) is **STRICKEN**.

2. Plaintiff shall file a corrected complaint[3] consistent with the directives of this Order on or before **August 31, 2026**. Failure to do so may result in a dismissal of this action.

**DONE AND ORDERED** in Jacksonville, Florida this 13th day of August, 2026.

Marcia Morales Howard

**MARCIA MORALES HOWARD**
United States District Judge

Lc35
Copies to:
Counsel of record

[3] The filing of the corrected complaint does not affect any right Plaintiff may have to amend as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1).